# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANTHONY J. BURRIOLA,

    Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

    Defendants.

3:10-cv-00168-LRH-RAM

**ORDER**

This a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff filed a *pro se* civil rights complaint on February 13, 2010, in the First Judicial District Court of the State of Nevada, in the County and City of Carson. (Docket #1, Exhibit B). Defendants were served with the complaint on February 24, 2010. Defendants filed a notice of removal in this Court on March 25, 2010. (Docket #1). "The district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff has alleged violations of his rights under the U.S. Constitution. This Court now reviews the complaint, supplements, and amended complaint filed by plaintiff in this action.

**I. Instant Action Proceeds on the Amended Complaint (Docket #15).**

Before the Court are plaintiff's original complaint (Docket #1-1), plaintiff's first supplemental pleading (Docket #5), and plaintiff's second supplemental pleading (Docket #7). Also before the Court is plaintiff's amended complaint. (Docket #15).

Plaintiff filed supplemental pleadings on July 1, 2010 and July 9, 2010. (Docket #5 and #7). In those supplemental pleadings, plaintiff adds claims and defendants. Later, in plaintiff's amended

complaint, filed August 30, 2010, plaintiff incorporated the additional defendants and allegations made in the two supplements into an amended complaint. (Docket #15).

In their motions to strike plaintiff's pleadings, defendants claim that plaintiff should not be allowed to amend the original complaint with additional defendants and new claims. (Docket #6, #8, and #16). First, a party may amend his pleading once as a matter of course within 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Federal Rule of Civil Procedure 15(a)(1)(B). No responsive pleading has been filed, therefore, plaintiff may amend his complaint as of right. Moreover, the policy favoring amendment of pleadings is to be applied with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966); *see also League to Save Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). Defendants' motions to strike (Docket #6, #8, and #16) plaintiff's supplements and amended complaint are denied. This action proceeds on the amended complaint, filed August 30, 2010. (Docket #15).

**II. Screening Standard Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986). Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on

3

1  legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or
2  claims of infringement of a legal interest which clearly does not exist), as well as claims based on
3  fanciful factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490
4  U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.  Review of the Amended Complaint (Docket #15)**

Plaintiff brings action against Howard Skolnik, Robert Bannister, Don Helling, Jack Palmer, Chambers, McClellan, East, Waters, Emmanual, Burson, Childress, Griggs, Williams, Garcia. Plaintiff seeks damages and declaratory relief against defendants.

**A.  Eighth Amendment Claim**

Plaintiff alleges that he repeatedly requested footwear to accommodate his extra wide foot. Plaintiff was repeatedly issued shoes that were too long, but not wide enough.  Plaintiff filed grievances and several times requested properly fitting shoes, but defendants refused to provide properly fitting shoes for plaintiff.  As a result of being issued ill-fitting footwear, plaintiff tripped, resulting in plaintiff suffering falls and injuries.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).  Plaintiff has alleged that he repeatedly requested properly fitting shoes, and his requests were denied by defendants, causing him to trip and fall in the ill-fitting shoes.  Plaintiff has alleged sufficient facts to state an Eighth Amendment claim against defendants.

**B.  Religious Rights Claim**

Plaintiff alleges that he regularly attends religious services every Monday from 8:00 to 9:30. Plaintiff further alleges that he was directed by prison staff to wait for mail on Mondays from 8:00 to 9:30, causing him to miss his religious services.  Plaintiff alleges that he informed prison staff that the mail duty conflicted with his religious services, but no relief was obtained.

The First Amendment to the United States Constitution provides that Congress shall make no

law respecting the establishment of religion, or prohibiting the free exercise thereof. U.S. Const., amend. I. The United States Supreme Court has held that prisoners retain their First Amendment rights, including the right to free exercise of religion. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The Court has also recognized that limitations on a prisoner's free exercise rights arise from both the fact of incarceration and from valid penological objectives. *Id.; McElyea v. Babbit*, 833 F. 2d 196, 197 (9th Cir. 1987). Prison regulations alleged to infringe on the religious exercise right must be evaluated under the "reasonableness" test set forth in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). *O'Lone*, 382 U.S. at 349; *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997) *Freeman v. Arpaio,* 125 F.3d 732 (9th Cir. 1997). Under the RLUIPA, "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability," unless the government establishes that the burden furthers "a compelling government interest," and does so by "the least restrictive means." *Warsoldier v. Woodford,* 418 F.3d 989, 994 (9th Cir. 2005); 42 U.S.C. § 2000cc-1(a)(1)-(2). Plaintiff has alleged sufficient facts to allow his religious rights claims to proceed under RLUIPA and the First Amendment.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that this action proceeds on the amended complaint (Docket #15), filed August 30, 2010.

**IT IS FURTHER ORDERED** that defendants' motions to strike (Docket #6, #8, and #16) are **DENIED.**

**IT IS FURTHER ORDERED** that the amended complaint (Docket #15), in its entirety, **SHALL PROCEED** against all named defendants.

**IT IS FURTHER ORDERED** that the Clerk **shall electronically serve a copy of this order, including the attached Intent to Proceed with Mediation Form, along with a copy of plaintiff's amended complaint (Docket #15), on the Office of the Attorney General of the State of Nevada, attention Pamela Sharp**. The Attorney General shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether they can accept service of process for the named defendants and the last known address under seal of the defendants for which they cannot

1  accept service.  If the Attorney General accepts service of process for any named defendant(s), such
2  defendant(s) shall file and serve an answer or other response to the amended complaint within **thirty**
3  **(30) days** of the date of the notice of acceptance of service.
4      **IT IS FURTHER ORDERED** that if the Attorney General does not accept service of
5  process for any named defendant(s), then plaintiff must file a motion identifying the unserved
6  defendant(s), requesting issuance of summons for the unserved defendant(s), and specifying the full
7  name(s) and address(es) of the unserved defendant(s).  Pursuant to Rule 4(m) of the Federal Rules of
8  Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the
9  complaint is filed.
10      **IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND**
11  **FILE** the attached Intent to Proceed with Mediation Form on or before **thirty (30) days** from the
12  date of entry of this order.
13      **IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if
14  an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion,
15  or other document submitted for consideration by the Court.  Plaintiff shall include with the original
16  paper submitted for filing a certificate stating the date that a true and correct copy of the document
17  was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of
18  appearance, the plaintiff shall direct service to the individual attorney named in the notice of
19  appearance, at the address stated therein.  The Court may disregard any paper received by a district
20  judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to
21  include a certificate showing proper service.
22      Dated this 17th day of November, 2010.

26                              LARRY R. HICKS
                                UNITED STATES DISTRICT JUDGE

```
_____
Name
_____
Prison Number
_____
Address
_____

_____
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

_____,  )     Case No. _____
                  Plaintiff,     )
                                 )
v.                               )     **NOTICE OF INTENT TO**
                                 )     **PROCEED WITH MEDIATION**
_____   )
                                 )
_____   )
                  Defendants.    )
_____)

   This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.   Do you wish to proceed to early mediation in this case? ____ Yes ____ No

2.   If no, please state the reason(s) you do not wish to proceed with mediation? _____

   _____

   _____

   _____

3.   List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

   _____

   _____

   _____

4.   List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

   _____

   _____

_____

_____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of this order.**

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this \_\_\_\_ day of _____, 20\_\_\_\_.

_____
Signature

_____
Name of person who prepared or
helped prepare this document