**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY J. BURRIOLA, | 3:10-cv-00168-LRH (WGC) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| STATE OF NEVADA, et. al. | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's Petition for Writ of Replevin. (Doc. # 39.)[1] After a thorough review, the court recommends that Plaintiff's petition be denied.

## I. BACKGROUND

At all relevant times, Plaintiff Anthony J. Burriola (Plaintiff) was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl. (Doc. # 15) 1.) The events giving rise to this action took place while Plaintiff was housed at Lovelock Correctional Center (LCC) and Southern Desert Correctional Center (SDCC). (*Id.*) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants are Skolnik, Bannister, Helling, Palmer, Chambers, McClellan, East, Waters, Emmanual, Burson, Childress, Griggs, Williams, and Garcia. (Screening Order (Doc. # 19) at 4.)

On screening, the court found that Plaintiff states a colorable claim for violation of the

---

[1] Refers to the court's docket number.

1  Eighth Amendment as a result of alleged deliberate indifference to his serious medical need
2  related to the refusal to provide Plaintiff with shoes that fit him properly. (Doc. # 19 at 4.) The
3  court also determined that Plaintiff states a colorable claim for denial of his religious rights
4  under the First Amendment and the Religious Land Use and Institutionalized Persons Act
5  (RLUIPA), 42 U.S.C. § 2000cc-1(a). (*Id.* at 4-5.) This claim arises from Plaintiff's allegation
6  that he regularly attends religious services on Monday, but was directed by prison staff to wait
7  for mail on Monday at the same time, causing him to miss his religious services. (*Id.* at 4.)

8  Plaintiff has filed a Petition for Writ of Replevin. (Doc. # 39.) Plaintiff asserts that Karen
9  Jenkins has wrongfully taken private property. (Doc. # 39 at 1.) Plaintiff seeks return of the
10 property by way of his petition. (*Id.*)

11 "Replevin" is "[a]n action for the repossession of personal property wrongfully taken or
12 detained by the defendant, whereby the plaintiff gives security for and holds the property until
13 the court decides who owns it." *Black's Law Dictionary* (9th ed. 2009). A "writ of replevin"
14 is "[a] writ obtained from a court authorizing the retaking of personal property wrongfully
15 taken or detained." *Id.* Replevin is a state law claim governed by Nevada Revised Statute 17.120.

16 Plaintiff has not asserted a supplemental state law claim for replevin in connection with
17 this action. Accordingly, the court will construe Plaintiff's petition as a motion for preliminary
18 injunction seeking affirmative relief in the form of the return of certain personal property.

### II. LEGAL STANDARD

20 The purpose of a preliminary injunction is to preserve the status quo if the balance of
21 equities so heavily favors the moving party that justice requires the court to intervene to secure
22 the positions until the merits of the action are ultimately determined. *University of Texas v.*
23 *Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic
24 remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008)
25 (citations omitted). Instead, in every case, the court "must balance the competing claims of
26 injury and must consider the effect on each party of the granting or withholding of the
27 requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008)
28 (internal quotation marks and citation omitted). The instant motion requires that the court

1  determine whether Plaintiff has established the following: (1) he is likely to succeed on the
2  merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the
3  balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20
4  (citations omitted).

5  Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for
6  issuing a preliminary injunction that allowed the movant to offset the weakness of a showing
7  on one factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d
8  1127, 1131 (9th Cir. 2011). In *Winter*, the Supreme Court did not directly address the continued
9  validity of the Ninth Circuit's sliding-scale approach to preliminary injunctions. *See Winter*,
10 555 U.S. at 51 (Ginsburg, J., dissenting: "[C]ourts have evaluated claims for equitable relief on
11 a 'sliding scale,' sometimes awarding relief based on a lower likelihood of harm when the
12 likelihood of success is very high…This Court has never rejected that formulation, and I do not
13 believe it does so today."); *see also Alliance*, 632 F.3d at 1131. Instead, the portion of the
14 sliding-scale test that allowed injunctive relief upon the possibility, as opposed to likelihood,
15 of irreparable injury to the plaintiff, was expressly overruled by *Winter*. *See Stormans, Inc. v.*
16 *Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). The Ninth Circuit has since found that post-
17 *Winter*, this circuit's sliding-scale approach, or "serious questions" test "survives…when
18 applied as part of the four-element *Winter* test." *Alliance*, 632 F.3d at 1131-32. "In other words,
19 'serious questions going to the merits' and a hardship balance that tips sharply toward the
20 plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter*
21 test are also met." *Id.*

22 An even more stringent standard is applied where mandatory, as opposed to prohibitory
23 preliminary relief is sought. The Ninth Circuit has noted that although the same general
24 principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that
25 goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious
26 about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d
27 670, 675 (9th Cir. 1984) (citation omitted). Thus, an award of mandatory preliminary relief is
28 not to be granted unless both the facts and the law clearly favor the moving party and extreme

1 or very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979) (citations omitted). "[I]n doubtful cases" a mandatory injunction will not issue. *Id.*

Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

### III. DISCUSSION

Plaintiff's request for return of personal property is not properly before the court because it is not part of this action. Although the Ninth Circuit has not addressed the issue directly, other circuits have repeatedly held that a plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *accord Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).

This action is based on Plaintiff's claim that Defendants were deliberately indifferent to his serious medical needs when they failed to provide him with the right footwear, and his claim that his religious rights were denied under the First Amendment and RLUIPA. Plaintiff's

4

Amended Complaint does not contain a state law claim for replevin. Nor does it contain a federal due process claim related to personal property.

Injunctive relief is used to address issues related to the underlying violations presented in the complaint. Plaintiff is not permitted to file a complaint in federal court and then use that action as a forum to air his unrelated grievances. Such complaints are properly lodged using the prison grievance system and, if they remain unresolved, by filing a new action.

Accordingly, Plaintiff's Petition for Writ of Replevin should be denied.[2] As a result, Defendants' request for additional time to oppose the petition is moot.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's Petition for Writ of Replevin (Doc. # 39).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: March 27, 2012

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[2] The issues raised by Defendants (*see* Doc. # 41) concerning the purported affidavit of Karen Jenkins, submitted in support of Plaintiff's Petition for Writ of Replevin (Doc. # 39-1 at 3-4), are addressed by the court in a separate order.