# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANTHONY J. BURRIOLA, | ) | 3:10-cv-00168-LRH (WGC) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| STATE OF NEVADA, et. al. | ) | |
| Defendants. | ) | |

On February 23, 2012, Plaintiff filed a Petition for Writ of Replevin. (Doc. # 39.)[1] In response, Defendants filed a Notice to the Court of Plaintiff's Improper and Fraudulent Filing, or in the alternative, Motion for Enlargement of Time to Respond to Plaintiff's Petition for Writ of Replevin. (Doc. # 41.) The court has construed Plaintiff's Petition for Writ of Replevin as a request for injunctive relief and concurrently issued a Report and Recommendation denying Plaintiff's petition. This Order only addresses the purported affidavit of Karen Jenkins filed in support of Plaintiff's Petition. (*See* Doc. # 39-1 at 3-4.)

In support of his petition, Plaintiff filed various exhibits, including a purported handwritten affidavit of Karen Jenkins. (*See* Doc. # 39-1 at 3-4.) The affidavit asserts that Apollyon Anthony Abaddon[2] is an authorized representative of Karen Jenkins. (*Id*. at 3.) The affidavit purports to admit certain wrongful conduct with respect to the personal property that is the subject of Plaintiff's petition. (*Id*. at 3-4.) Specifically, the affidavit asserts that Karen Jenkins retaliated against Plaintiff by requiring him to destroy legal and property. (*Id*.) The

---

[1] Refers to the court's docket number.

[2] It appears that Apollyon Anthony Abaddon is an alias used by Plaintiff. (*See* Doc. # 39 at 1.)

affidavit represents that it is made under penalty of perjury. (*See id.* at 37, referencing 28 U.S.C. § 1746.)

Defendants assert that Plaintiff has improperly represented the authority to make an affidavit on behalf of Correctional Officer Jenkins. (Doc. # 41 at 2.) Defendants urge the court to *sua sponte* assess sanctions against Plaintiff under Federal Rule of Civil Procedure 11 (c)(3). (*Id.* at 3.) If the court declines to do so, Defendants assert that they will follow the directive of Rule 11's safe harbor provision, and if Plaintiff does not withdraw his petition, they will file a motion for sanctions under Rule 11. (*Id.*) Alternatively, they request an enlargement of time to respond to Plaintiff's petition. (*Id.* at 4.)

The court acknowledges the seriousness of an inmate alleged to have represented to the court that he has authority to make an affidavit on behalf of a correctional officer under penalty of perjury, admitting to misconduct. However, Defendants have not provided the court with proof to support their claim that Plaintiff's representations are improper. The court orders Defendants to file, within **fourteen days of the date of this Order**, a declaration of Ms. Jenkins supporting Defendants' position—presumably asserting that she did not authorize Plaintiff to make an affidavit on her behalf and that the statements made therein are false.

**IT IS SO ORDERED.**

DATED: March 27, 2012

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE