1

2

3

4

5

6

7                          **UNITED STATES DISTRICT COURT**
                                **DISTRICT OF NEVADA**

8     ANTHONY J.  BURRIOLA,                    )        3:10-cv-00168-LRH (WGC)
                                               )
               Plaintiff,                      )        **ORDER**
9                                              )
                                               )
          vs.                                  )
10                                             )
                                               )
      STATE OF NEVADA, et.  al.                )
11                                             )
               Defendants.                     )
12    _____)

13          At all relevant times, Plaintiff Anthony J.  Burriola (Plaintiff) was an inmate in custody

14   of the Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl.  (Doc. # 15) 1.)[1]  The

15   events giving rise to this action took place while Plaintiff was housed at Lovelock Correctional

16   Center (LCC) and Southern Desert Correctional Center (SDCC). (*Id.*) Plaintiff, a *pro se* litigant,

17   brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants are Skolnik, Bannister,

18   Helling, Palmer, Chambers, McClellan, East, Waters, Emmanual, Burson, Childress, Griggs,

19   Williams, and Garcia.  (Screening Order (Doc. # 19) at 4.)

20          On February 23, 2012, Plaintiff filed a Petition for Writ of Replevin. (Doc. # 39.) In

21   response, Defendants filed a Notice to the Court of Plaintiff's Improper and Fraudulent Filing,

22   or in the alternative, Motion for Enlargement of Time to Respond to Plaintiff's Petition for Writ

23   of Replevin. (Doc. # 41.)

24          In support of his petition, Plaintiff filed various exhibits, including a purported

25   handwritten affidavit of Karen Jenkins. (*See* Doc. # 39-1 at 3-4.) Ms. Jenkins is a correctional

26   officer at Lovelock Correctional Center (LCC). Plaintiff's affidavit asserts that Apollyon

27

28          _____

            [1]Refers to court's docket number.

Anthony Abaddon[2] is an authorized representative of Karen Jenkins.  (*Id.* at 3.)  The affidavit purports to admit certain wrongful conduct with respect to the personal property that is the subject of Plaintiff's petition.  (*Id.* at 3-4.)  Specifically, the affidavit asserts that Karen Jenkins retaliated against Plaintiff by requiring him to destroy legal and property.  (*Id.*) The affidavit represents that it is made under penalty of perjury.  (*See id.* at 37, referencing 28 U.S.C. § 1746.)

Defendants assert that Plaintiff has improperly represented the alleged authorization for "Abaddon" to make an affidavit on behalf of Correctional Officer Jenkins.  (Doc. # 41 at 2.) Defendants urged the court to *sua sponte* assess sanctions against Plaintiff under Federal Rule of Civil Procedure 11 (c) (3). (*Id.* at 3.)  If the court declines to do so, Defendants assert that they will follow the directive of Rule 11's safe harbor provision, and proceed with a motion for sanctions under Rule 11.  (*Id.*)

On March 27, 2012, the court issued an order directing Defendants to file a declaration of Ms. Jenkins explaining Defendants' position with respect to the alleged fraudulent affidavit. (Doc. # 44.)

On March 29, 2012, Defendants filed a Declaration of Ms. Jenkins in compliance with the court's order.  (Doc. # 45.)

Ms. Jenkins, whose name is Donna Jenkins, and not Karen Jenkins, is employed as a Correctional Officer at Lovelock Correctional Center (LCC).  (Doc. # 45-1 at ¶ 1.)  She has reviewed the purported affidavit of Karen Jenkins filed by Plaintiff, and declares that she is the person Plaintiff mistakenly refers to as Karen Jenkins in the affidavit.  (*Id.* at ¶¶ 6-7.) Ms. Jenkins confirms that she did not authorize Plaintiff to make an affidavit on her behalf, and his representation that she did is false. (*Id.* at ¶ 8.)  Nor did she authorize Plaintiff to forge her signature on the affidavit.  (*Id.* at ¶ 9.)  Finally, she asserts that the factual assertions contained in the affidavit are false.  (*Id.* at ¶ 10.)

Rule 11 provides in pertinent part:

---

[2] It appears that Apollyon Anthony Abaddon is an alias used by Plaintiff.  (*See* Doc. # 39 at 1.)

1
2
3
4
5
6
7
8

> By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

9
10
11
12
13
14

Fed. R. Civ. P. 11(b). Under Rule 11(c)(1), "after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). The court may do so on its own initiative by issuing an order "to show cause why conduct specifically described in the order has not violated Rule 11 (b)." Fed. R. Civ. P. 11(c)(3).

15
16
17

Rule 11 further instructs that, "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

18
19
20
21
22
23
24
25
26

Apart from Rule 11, the court has inherent authority to issue sanctions. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). The court's "inherent power 'extends to a full range of litigation abuses.'" *Fink*, 239 F.3d at 992 (quoting *Chambers*, 501 U.S. at 46-47). The imposition of sanctions under the court's inherent power is discretionary. *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44 (citation omitted). Imposing sanctions under the court's inherent power requires "a finding of bad faith or conduct, or conduct tantamount to bad faith." *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).

27
28

"A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process...[O]utright dismissal of a lawsuit...is a particularly

3

1  severe sanction, yet is within the court's discretion." *Chambers*, 501 U.S. at 44-45 (citation

2  omitted). "[C]ourts have inherent power to dismiss an action when a party has willfully

3  deceived the court and engaged in conduct utterly inconsistent with the orderly administration

4  of justice." *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) (citation

5  omitted). The Ninth Circuit has also held that falsifying evidence is a ground for imposing the

6  sanction of dismissal. *See Combs v. Rockwell Int'l Corp.*, 927 F.2d 486, 488 (9th Cir. 1991).

7  The court agrees with Defendants that drafting and filing with the court an affidavit

8  under penalty or perjury that admits to wrongful conduct on behalf of another person is

9  particularly egregious. However, the court must afford Plaintiff an opportunity to respond to

10  the conduct which is asserted to violate Rule 11 or may constitute bad faith invoking the court's

11  inherent authority to impose sanctions. Therefore, Plaintiff has **UP TO AND INCLUDING**

12  **APRIL 23, 2012** to file a **response** to Defendants' Notice to the Court of Plaintiff's Improper

13  and Fraudulent Filing (Doc. # 41) and the Declaration of Donna Jenkins (Doc. # 45-1). In

14  addition to a possible violation of Rule 11 of the Federal Rules of Civil Procedure, the court

15  notes that the subject conduct may amount to a crime, and Plaintiff should be mindful of his

16  Fifth Amendment right against self incrimination when filing his response, if any.

17

18  **IT IS SO ORDERED.**

19

20  DATED: April 2, 2012

21  _____
   WILLIAM G. COBB
   UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

4