# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANTHONY J. BURRIOLA, | ) | 3:10-cv-00168-LRH (WGC) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| STATE OF NEVADA, et. al. | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Second Request to Enlarge Time to File Response to Doc. # 41 and Doc. # 45-1. (Doc. # 57.)

At all relevant times, Plaintiff Anthony J. Burriola (Plaintiff) was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl. (Doc. # 15) 1.)[1] The events giving rise to this action took place while Plaintiff was housed at Lovelock Correctional Center (LCC) and Southern Desert Correctional Center (SDCC). (*Id.*) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants are Skolnik, Bannister, Helling, Palmer, Chambers, McClellan, East, Waters, Emmanual, Burson, Childress, Griggs, Williams, and Garcia. (Screening Order (Doc. # 19) at 4.)

On February 23, 2012, Plaintiff filed a Petition for Writ of Replevin. (Doc. # 39.) In response, Defendants filed a Notice to the Court of Plaintiff's Improper and Fraudulent Filing, or in the alternative, Motion for Enlargement of Time to Respond to Plaintiff's Petition for Writ of Replevin. (Doc. # 41.)

In support of his petition, Plaintiff filed various exhibits, including a purported

---

[1] Refers to court's docket number.

handwritten affidavit of Karen Jenkins, a correctional officer at LCC. (*See* Doc. # 39-1 at 3-4.) Plaintiff's affidavit asserts that Apollyon Anthony Abaddon[2] is an authorized representative of Karen Jenkins. (*Id.* at 3.) The affidavit purports to admit certain wrongful conduct with respect to the personal property that is the subject of Plaintiff's petition. (*Id.* at 3-4.) The affidavit represents that it is made under penalty of perjury. (*See id.* at 37, referencing 28 U.S.C. § 1746.)

According to Defendants, Plaintiff improperly represented the alleged authorization to make an affidavit on behalf of this correctional officer, whose name is actually Donna Jenkins. (Doc. # 45.) Ms. Jenkins reviewed the purported affidavit filed by Plaintiff, confirms that she did not authorize Plaintiff to make an affidavit on her behalf, and asserts that the factual statements contained therein are false. (Doc. # 45-1.)

On April 2, 2012, the court issued an Order advising Plaintiff of the egregious nature of his alleged conduct and the potential for the imposition of sanctions, including dismissal of the action, and giving him an opportunity to respond on or before April 23, 2012. (Doc. # 46.) Plaintiff requested (Doc. # 50) and was granted an extension up to and including May 7, 2012, to file a response. (Doc. # 51.)

On the date his response was due, May 7, 2012, Plaintiff filed a second request for an extension of time, stating that his response was ready but the legal mail was not collected, precluding him from mailing the response to the court for filing. (Doc. # 57.)

The court is perplexed at how Plaintiff was able to file the motion requesting an extension of time (Doc. # 57), but not his response concerning the imposition of sanctions, when he admits that the response was ready to file on the date when he drafted the request for an extension of time. If Plaintiff was able to file the instant motion, there appears to be no reason that he could not also file his response.

The court finds that Plaintiff's request is not well taken. However, given that Plaintiff may ultimately face dismissal of his case, the court will afford Plaintiff one **final** opportunity

---

[2] It appears that Apollyon Anthony Abaddon is an alias used by Plaintiff. (*See* Doc. # 39 at 1.)

2

to respond.  Plaintiff has up to and including **May 21, 2012**, to file his response.  **THERE WILL BE NO FURTHER EXTENSIONS**.

**IT IS SO ORDERED.**

DATED:  May 9, 2012

                                                WILLIAM G. COBB
                                                UNITED STATES MAGISTRATE JUDGE