## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANTHONY J. BURRIOLA, | ) | 3:10-cv-00168-LRH (WGC) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | June 7, 2012 |
| | ) | |
| STATE OF NEVADA, *et. al.* | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE OGDEN   REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is Plaintiff's motion requesting an extension of the copy work limit. (Doc. # 62.)

An inmate plaintiff does not have a right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) ("numerous courts have rejected any constitutional right to free and unlimited photocopying"). Nevada Department of Corrections (NDOC) Administrative Regulation (AR) 722 governs copying of legal documents by inmates, and provides, "[c]opies of legal documents requested by inmates may be made for a nominal fee." AR 722.01(9), *available at* http://www.doc.nv.gov/?q=node/68. "Inmates can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." *Id*.

A court may order a prison to provide additional photocopying when the prisoner demonstrates that an increase is necessary for an inmate to provide copies to the court and other parties. *See, e.g., Allen v. Clark County Detention Center*, 2011 WL 886343, at * 2 (D. Nev. March 11, 2011).

In the instant motion, Plaintiff seeks an extension of his copy work limit for "purposes of the conclusion of the instant suit[.]" (Doc. # 62 at 1.) Plaintiff asserts that he is not seeking a blanket order for unlimited copies, and goes on to list a series of ten "possible pleadings" which may need to be filed in this action. (*Id*. at 2-3.) These include a statement of additional claims; an opposition to a motion to dismiss; a reply to an answer; a request for expansion of the record; any motion, opposition or reply that may be necessary; a request for production of documents or interrogatories; a request for judicial notice; a motion for relief to alter/amend judgment; objections to any report and recommendation.

MINUTES
PAGE 2
3:10-cv-00168-LRH (WGC)
_____

      The court finds that while Plaintiff asserts he is not asserting a blanket request for copies, that is in fact what he has done. The court has issued a report and recommendation for dismissal of this action with prejudice. Therefore, the only category of documents, as set forth by Plaintiff, that might be applicable, is an objection to the report and recommendation. Given that Local Rule 7-4 limits a motion to thirty pages, excluding exhibits, the court **GRANTS IN PART, AND DENIES IN PART** Plaintiff's motion. The court will extend Plaintiff's copy work limit in the amount of **$10.00**. The court is aware that NDOC charges $0.10 per page for copies. This will allow Plaintiff to file an objection to the report and recommendation not to exceed thirty pages, allowing some room to file exhibits, and to serve the same on Defendants.

**IT IS SO ORDERED.**

                                                  LANCE S. WILSON, CLERK

                                                  By:  /s/
                                                        Deputy Clerk